**Charles W. RAMSEY, Appellant,**

v.

**UNITED STATES of America et al.**

**No. 24748.**

United States Court of Appeals,
District of Columbia Circuit.

April 27, 1972.

---

Mr. Edward L. Merrigan, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Oscar Altshuler, and Stephen W. Grafman, Asst. U. S. Attys., were on the brief for appellees.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment entered September 10, 1970, dismissing a complaint filed by appellant pro se from Lorton Reformatory, for declaratory relief and writ of mandamus, directing that he be credited with time spent in jail from December 14, 1967 to May 31, 1968, toward service of his sentence, of two to six years, imposed on May 31, 1968, in Criminal Case No. 218–68 (narcotics).

Counsel appointed for the appeal contends now that appellant has never been credited at all for this time. While an appellate court has latitude to amplify the record for facts that are not essentially in dispute,[1] in the case before us the ultimate facts, and perhaps some evidentiary facts, are vigorously disputed by the government. The place for resolution of such dispute is the District Court, on appropriate pleading and issue joined.

Appellant also contends the judgment should be reversed, even assuming that some credit was given him for the 1967–68 detention, on the ground that he was entitled to have that credit applied to the sentence in Criminal Case No. 218–68. Appellant relies on the "presentencing credit" provision of 18 U.S.C. § 3568:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail

---

1. United States v. Kearney, 136 U.S.App. D.C. 328, 331, 420 F.2d 170, 173 (1969). The court's reference distinguishing the panel opinion in (Barrington) Johnson v. United States (June 20, 1969) likewise is applicable to the en banc opinion adopting that panel ruling, Johnson v. United States, 138 U.S.App.D.C. 174, 179, 426 F.2d 651, 656 (1970).

for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed . . . .

No sentence shall prescribe any other method of computing the term.

The Government's position is that the time between December 14, 1967 and May 31, 1968, was not spent in custody "in connection with the offense or acts for which sentence was imposed" in Criminal No. 218–68, but rather was time spent in service of the sentence imposed in 1960, 2–11 years, in Criminal Case No. 1089–59, on a plea of guilty to assault with intent to commit rape. Appellant was released on parole on September 8, 1966, with 1655 days remaining to be served, or until September 22, 1970.

The Government's brief asserts that on appellant's arrest on December 14, 1967, (a) he was charged with narcotics violations, for which he was later indicted and sentenced in Criminal Case No. 218–68, and (b) he forthwith began service of the days remaining unserved in Criminal Case No. 1089–59, on execution of a parole violator's warrant dated November 1, 1967. The prison sentence imposed May 31, 1968, in Criminal Case No. 218–68, was expressly made consecutive, not concurrent.

■ The Government's position may well prove sound ultimately, but there are at least some problems in the record as it stands. The Government's motion was supported by a Statement of Material Facts as to which there is no issue, filed under Local Rule 9(h) of the District Court, but there is no affidavit, as required by Rule 56, F.R.Civ.Pro., to establish facts dehors the pleading. For this purpose we cannot fairly refer to the affidavit of the Superintendent of Lorton Reformatory, dated August 9, 1971, captioned in the dockets of both the District Court and this court, which the Government filed in order to contest factual assertions in the appellant's brief. This was filed after the motion for summary judgment was granted.

Furthermore, there is no record foundation for the assertion in the Government's brief (p. 2, fn. 1) that the parole warrant of November 1, 1967, alleged parole violations "totally unrelated to those for which appellant was ultimately indicted in Criminal No. 218–68." We do not necessarily say that this fact is decisive, yet it is not without materiality, as is implied from the Government's use of the fact. And it is not set forth in the Government's 9(h) statement, nor even in the Superintendent's 1971 affidavit. While we would not focus on procedural details in a matter where the pertinent facts are essentially uncontested, that is not how this case shapes up as of present.

■ With this murkiness in the facts, and possibly in their legal significance, the interest of justice (28 U.S.C. § 2108) leads us to remand the record to the District Court to enter, after such hearing as may be appropriate, its findings and conclusions concerning (a) the basis of the parole board's warrant of November 1, 1967,[2] (b) the basis of the arrest of December 14, 1967, and confinement starting that date[3] and (c) the

2. The Lorton Progress Report of December 9, 1970, appended to appellant's brief, states that the specifications of the warrant were that he was arrested in Trenton in October, 1967, for possession of hypodermic needle and CDW—in violation of Rule 12, against departing city limits; in Rule 4, prohibiting possession of a hypodermic needle; and Rule 13, in that he did not remain at liberty without violating the law. "For these reasons, his mandatory release was revoked June 13, 1968."

3. Under 18 U.S.C. § 4205 if a parolee is retaken under a warrant his "unexpired term . . . shall begin to run from the date he is returned to the custody of the Attorney General under said warrant. . . ."

A question arises when there is arrest under a parole violation warrant issued

kind of credit, if any, that was entered administratively concerning that detention, to enter its reasons for concluding whether relief should be granted or denied the appellant, and to transmit the record, thus amplified, to this court.[4]

So ordered.

by the D.C. Parole Board. The Government's statement under Rule 9(h) did not allege that any action had been taken by the D.C. parole board, other than issuance of a warrant, prior to May 31, 1968.

If the only D.C. parole board revocation, under 24 D.C.Code § 206, came after May 31, 1968, a question arises whether the confinement Dec. 14, 1967—May 31,

1968, may be ascribed to service of the prior sentence on an assumption of termination of parole, or must be credited, under 18 U.S.C. § 3568, to the sentence imposed May 31, 1968.

4. In the light of that amplification of record, appellant will decide whether to withdraw his appeal, or to submit a supplementary brief. The Government will be free to make corresponding decisions.