**FRITO–LAY, INC., Appellant**

v.

**Barton WILLOUGHBY, d/b/a Willoughby Farms.**

No. 87–7141.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 7, 1988.

Decided Dec. 23, 1988.

F. Joseph Nealon, with whom Amy S. Owen was on the brief, for appellant.

Stephen P. McCarron, for appellee.

Before WALD, Chief Judge, STARR and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

In this reparation proceeding under the Perishable Agricultural Commodities Act of 1930 ("Act"), 7 U.S.C. §§ 499a *et seq.*, Frito–Lay, Inc. ("Frito–Lay" or "appellant") appeals from the District Court's grant of summary judgment in favor of Barton Willoughby ("Willoughby" or "appellee"). The case was originally before the Secretary of Agriculture, who granted appellee's request for an order of reparation of $84,825.83. The Act makes appealable the Secretary's reparation orders and sets out the conditions for such appeals. It provides, *inter alia*, that "[s]uch suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated." 7 U.S.C. § 499g(c) (1982).

This appeal presents an unusual application of Federal Rule of Civil Procedure 56 and requires this Court to consider whether summary judgment is appropriate under the Act when the District Court has before it the Secretary's decision in which are made factual findings adverse to the nonmovant, and when the nonmovant submits no supporting materials in opposing the motion.

Because we find that appellee adequately supported its motion and that appellant failed to oppose it properly, we answer the question in the affirmative, and affirm the District Court's grant of summary judgment.

## I. BACKGROUND

The evidence before the Secretary was as follows: Appellant Frito–Lay, a potato buyer and chip maker, and appellee, a first-time potato grower, were parties to a written contract made in 1982 whereby appellee was to deliver to appellant 25,000 hundred-weight of potatoes in three installments in June, 1983. Appearing in prominent type among the contract's terms was the following provision: "All potatoes shipped under this contract guaranteed ... to Frito–Lay's satisfaction upon arrival. Frito–Lay reserves the option of not accepting deliveries which do not meet the [agreed] shipping schedules." Joint Appendix ("J.A.") at A1. There were at least three conversations between appellee and two Frito–Lay employees, Messrs. Willingham and Anderson, concerning the parties' performances. Appellee claims that Frito–Lay orally agreed to accept appellee's entire crop at dates other than those specified in the contract, initially because appellee requested delay, but later because Frito–Lay itself preferred to take performance later. Frito–Lay's employees deny any such oral agreements.

After Frito–Lay issued a purchase order on June 30, 1983, appellee tendered 9,000 hundredweight of potatoes, $6,681.60 of which were accepted. Appellant's stated reason for refusing tender of the rest was their unsatisfactory quality. No other tender was attempted.

*Secretary's Decision*

Appellee filed a complaint before the Secretary of Agriculture on March 6, 1984, arguing that appellant (a licensed dealer, merchant, or broker under the Act) orally agreed to modify the contract and that appellant was obligated to pay the contract price (less mitigated damages) because it had breached the contract and thereby engaged in unfair conduct in violation of section 2 of the Act. 7 U.S.C. § 499b. Appellant counterclaimed for recovery of an asserted overpayment for the potatoes it accepted.

A Judicial Officer held hearings on April 16 and 17, and, following an amendment of appellee's complaint, on September 19, 1985. By order dated May 14, 1986, the Judicial Officer ruled in appellee's favor and ordered appellant to pay as reparation $84,825.83, plus attorney's fees and interest. In reaching his decision, the Officer made numerous findings of fact favorable to appellee, among them that appellant's employees were agents capable of binding Frito–Lay; appellee was willing and able to make its first delivery on time, but when he requested an extension so as to allow maturation of his entire crop, Frito–Lay's employees agreed; when appellee eventually became ready to perform in full, appellant's employees asked to delay delivery, and thereafter continued to represent to appellee that Frito–Lay was interested in purchasing the entire crop; appellee's crop began to overripen and deteriorate in the ground, whereupon appellee tendered eighteen loads of potatoes, four of which were rejected by appellant.

According to the Judicial Officer, the critical issues presented were whether the written contract was varied by conduct, or, alternatively, whether by their conduct the parties created an entirely separate contract. He ruled that because the Alabama statute of frauds, Ala.Code § 7–2–201, was merely procedural, it precluded enforcement of an oral contract as a remedy, but did not prevent the Secretary from "look[ing] at the facts standing behind an oral modification to a written contract to determine whether there has been a breach." J.A. at F13. Unaware "of any holding which precludes an integrated written contract subject to the statute of frauds from being modified by subsequent oral agreement," J.A. at F15, the Officer resolved that "the contract need not be strictly construed, but can be varied by the conduct of the parties." J.A. at F5. Based on his finding that appellant had in fact represented to appellee that it would accept late delivery, the Judicial Officer concluded that appellant had waived its right to receive the shipments on the dates specified in the contract, and by refusing tender, was the first material breacher. Accord-

ingly, he entered judgment against appellant, and ordered reparation of $84,825.83, attorney's fees, and interest thereon.

## District Court Decision

As provided by the Act, Frito–Lay appealed to the United States District Court, challenging both the Secretary's factual findings and its application of law to the facts as found. Pursuant to cross-motions for summary judgment, the District Court dismissed the appeal and affirmed the Secretary's order.

After reviewing the facts as found by the Secretary and examining the statute of frauds, the District Court rejected appellant's claim that the statute precluded waiver. The Court concluded as did the Secretary that the statute "does not bar a conclusion that Frito–Lay ... waived its right to refuse any deliveries not made on [the specified] dates." Memorandum Opinion ("Mem.Op.") at 5 (March 30, 1987) (J.A. at M5). The Court also rejected appellant's argument that the distinct delivery dates specified made the contract divisible, and, therefore, any waiver should operate divisibly, saying the argument was "not well-taken." Id. at 6 (J.A. at M6). Accordingly, appellant's motion was denied. Appellant has not preserved its statute of frauds arguments in the present appeal, and consequently we have no occasion to pass on them.

In considering appellee's cross-motion, the Court noted that under the Act, the Secretary's findings of fact constitute "the prima facie case" for purposes of appeal, "unless it is overcome by evidence submitted by the petitioner." Id. at 3 (J.A. at M3). The Court thrice noted that appellant had not stated any facts to negate the Secretary's findings, and "accordingly adopt[ed] the Secretary's findings of fact." Id. Thus, because the District Court found no error in the Secretary's application of the Alabama statute of frauds and because "[t]he parties have not presented any factual evidence," id., the Court granted appellee's motion for summary judgment. This appeal ensued.

## II. Analysis

The gravamen of appellant's challenge is the District Court's asserted failure to recognize that "[t]he dispute about who said what is material and precludes summary judgment." Br. for Appellant at 6. Moreover, the District Court was powerless to "decide what witness was telling the truth on summary judgment." *Id.* Instead, "[a]s in any trial *de novo*," appellant argues, "the district court should have made a 'fresh determination of the facts and issues.'" *Id.* at 7 (citation omitted). Thus, the Court "should have listened to the pivotal witnesses . . .[, i]t should have listened to Mr. Willoughby's version . . . [and, i]t should have listened to what Frito–Lay's employees said. . . . Only then could the district court determine *de novo* whether the written contract was modified or waived in any respect." *Id.* at 7–8.

Federal Rule of Civil Procedure 56(c) provides for summary judgment when the materials offered in support of and in opposition to the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ordinarily, a dispute over who said what—such as the one here—precludes summary adjudication. This particular case is complicated by the unusual nature of the underlying statute, which provides for *de novo* review by the District Court of the Secretary's decision and simultaneously establishes the Secretary's findings of fact as *prima facie* evidence on appeal.

### A. *Duty of Appellee as Moving Party*

■ The Supreme Court made clear in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that the movant has no burden of introducing evidence negating the nonmovant's claim. *Id.* at 323, 106 S.Ct. at 2553. Rather, the moving party's duty to "support" its motion is discharged by its "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting Fed.R.Civ. P. 56(c)). Thus, where the nonmoving party shoulders the burden of proof at trial, the movant's burden is met by a sufficient "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554.

■ Of course, in the *Celotex* case, the nonmoving party was to bear the ultimate burden of proof at trial, while, in the present case, the moving party (Willoughby) faced the ultimate burden of proof. Nonetheless, we conclude that the *Celotex* principle applies where a silent nonmoving party is to bear an *initial burden of production* at trial. Here, the statutory requirement that the Secretary's order be treated as "prima-facie evidence of the facts therein stated" placed upon Frito–Lay an initial burden of producing sufficient evidence at trial to rebut the Secretary's findings. 7 U.S.C. § 499g(c); *see Consolidated Citrus Co. v. Goldstein*, 214 F.Supp. 823, 826 n. 5 (E.D.Pa.1963). Under *Celotex*, a court must enter summary judgment against a nonmovant "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 322, 106 S.Ct. at 2552. It follows that a court must enter summary judgment against a nonmovant who will bear an initial burden of production at trial and who fails to make a showing sufficient to meet that burden. Consequently, the movant in such circumstances can meet its own burden by showing that there is an absence of evidence to rebut the prima facie case presented by the Secretary's order. *Cf. id.* at 325, 106 S.Ct. at 2554. This is consistent with *Celotex* and is entirely logical: A party who bears an initial burden of production should not be permitted to waste the resources of its opponent and of the courts if it cannot show that it could possibly meet that burden.

In the present case, appellee faced the burden of proving a violation of section 2 of the Act. 7 U.S.C. § 499b. We hold that

he properly discharged his duty as moving party when, armed with the *prima facie* value of the Secretary's decision, he alerted the Court to the absence of evidence to support appellant's case. In the critical portion of his moving papers, appellee noted that:

> Frito–Lay has not submitted any affidavits or other evidence to show that there is a factual dispute. The findings of fact of the Judicial Officer of the Secretary of Agriculture are *prima facie* evidence of the facts stated therein.... It is clear in those findings of fact that oral modifications had been entered into by the parties.... In the absence of any affidavit or other evidence from Frito–Lay, these findings of fact are not the subject of genuine dispute.

Willoughby's Reply Memorandum in Support of His Motion for Summary Judgment at 2 (citations omitted); *see also* J.A. at K29 (appellee's counsel responding to Court's query regarding the possibility of a triable issue over whether there was an oral agreement: "there's been absolutely no evidence submitted, anything, affidavits or anything, which would indicate that there they're [sic] going to be able to rebut the *prima facie* finding of a modification by the Secretary").

### Effect of the Secretary's Findings of Fact

■ The District Court was clearly of the opinion that unless rebutted by specific evidence, the Secretary's findings of fact were not to be disturbed. It stated that "[i]n general, courts find that the prima facie case established by the Secretary's findings and order prevails, unless it is overcome by evidence submitted by the petitioner." Mem.Op. at 3 (J.A. at M3) (citing *Consolidated Citrus Co. v. Goldstein*, 214 F.Supp. 823 (E.D.Pa.1963)). In *Consolidated Citrus*, the Court stated that "the Act creates a rebuttable presumption that [the Secretary's findings] are established facts until sufficient evidence is introduced at trial to rebut them." *Id.* at 826 n. 5 (citing *Spano v. Western Fruit Growers*, 83 F.2d 150 (10th Cir.1936)); *see also Spano*, 83 F.2d at 152 (The Act "merely creates a rebuttable presumption. It establishes a

rule of evidence and does not prevent any defense. It does not interpose an obstacle to the presentation of any contest on the issue nor does it take away the right of either party to introduce any pertinent or relevant evidence."). Appellant asserts, without the benefit of authority, that "[t]he Secretary's findings are *prima facie* evidence but are not dispositive on a motion for summary judgment." Br. for Appellant at 11. While the Secretary's findings could not be conclusive had they been opposed properly, appellee is correct that even for purposes of summary judgment, "[t]he Secretary's findings are dispositive when there is no evidence submitted in dispute." Br. for Appellee at 7 (relying on *Spano*, 83 F.2d 150). This interpretation gives effect to the *prima facie* clause of the Act, by making the Secretary's findings conclusive unless effectively rebutted. Once rebutted, the Court is then able to reweigh the evidence, thus giving effect to the provision for *de novo* review. Our interpretation also gives effect to the mandate that the proceeding before the District Court "proceed in all respects like other civil suits for damages." 7 U.S.C. § 499g(c).

### B. *Appellant's Duty to Respond*

### Specific Facts

■ Once the movant has discharged his duty, the onus shifts to the nonmovant, and, once it has, the need to respond with specific facts is well established. In addition to the clear language of Rule 56(e), which itself mandates that the nonmovant "set forth specific facts" in its opposition, the Supreme Court has unambiguously declared that the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), 56(e)).

Federal Rule 56 is supplemented by Local Rule 108, which requires that the nonmovant provide the District Court a "concise statement of genuine issues setting

forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." *Local Rules of the United States District Court for the District of Columbia,* 108(h) (1986).

Appellant submitted such a statement and listed the following as "material facts ... in dispute":

1. Whether there were any oral modifications of the January 11, 1983 written contract.

2. Whether Mr. Willoughby knew that Frito–Lay could not take all his potatoes because he had missed the shipping dates specified in the written contract.

3. Whether Frito–Lay waived its option to refuse late shipments.

4. Whether Mr. Willoughby was responsible for requesting a written release to sell to others.

5. Whether deliveries accepted after the week of June 27, 1983 were part of the written contract between Frito–Lay and Barton Willoughby.

Frito–Lay's Statement of Material Facts Which Are In Dispute, Br. for Appellee at appendix. Appellee persuasively argues that items 1, 3, 4, and 5 are not matters of fact, and that item 2, while a question of fact, is not material. While we are inclined to agree that appellant failed to state facts, we are even more convinced that it failed to state them with the requisite specificity and support them with appropriate references to the record before the District Court.

These obligations cannot be met by "mere allegation or denial[ ]," but instead, require a showing by "affirmative evidence." *Anderson v. Liberty Lobby,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *see also First Nat'l Bank v. Cities Service,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (plaintiff could not defeat the properly supported summary judgment motion without offering "any significant probative evidence tending to support the complaint"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986) (the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts ... the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial'" (citations and emphasis omitted)). Likewise in *Laningham v. U.S. Navy,* 813 F.2d 1236 (D.C.Cir.1987), we made clear that to survive the government's properly supported motion for summary judgment, plaintiff "was required to provide evidence that would permit a reasonable jury to find" in his favor. *Id.* at 1242 (citing *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553, and *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514). We find the Fifth Circuit's discussion of this issue in *Nissho-Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988), to be persuasive. After rejecting appellant's argument that the district court erred in failing to consider an unsworn affidavit in opposition to a properly supported motion for summary judgment, the *Kline* court ruled that the trial court had no duty to consider certain deposition testimony in the record that appellant failed to bring to the court's attention. Relying on *Celotex,* the court held that appellant's failure to designate facts evidenced in the deposition that would support her case was fatal. In reaching this decision, the court rejected the "incorrect" assumption "that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered." *Id.*

We similarly reject appellant's claim that the "district court should have examined the entire record when considering Mr. Willoughby's summary judgment motion." Br. for Appellant at 11 n. 4. Appellant's failure to designate and reference triable facts was, in light of the language of Rule 56(c) and governing precedent, fatal to its opposition. *Cf. Thompson v. Evening Star Newspaper Co.,* 394 F.2d 774, 777 & n. 9 (D.C.Cir.1968) (District Court not obligated to consider nonmovant's deposition, which was merely "generally incorporated ... without reference to any portion thereof as setting forth facts").

*Type of Evidence*

Throughout the course of this litigation, and despite the clear teaching of *Celotex* on this point, appellant has labored under the mistaken belief that unless the moving party introduces affidavits in support of its motion for summary judgment, the non-moving party bears no burden to introduce evidence to oppose the motion.[1] At the hearing of the motions, for example, appellant argued that "Willoughby has not filed any affidavits in this case and, obviously, we didn't have an obligation to file any counteraffidavits." J.A. at K32. Likewise, in petitioning the trial court to reconsider its decision, appellant stated that "[s]ince Mr. Willoughby did not present new or additional evidence supporting its motion for summary judgment, Frito–Lay did not have to submit additional evidence opposing the motion." Frito–Lay's Memorandum of Points & Authorities in Support of Its Motion To Reconsider at 4. ("If Mr. Willoughby had submitted an affidavit, Frito–Lay certainly would have submitted evidence opposing the affidavit." *Id.* at n. 2.) Likewise, appellant argues here as it argued below that it had the right to rest on its pleadings, which it points out "challenged all the factual and legal determinations made by the Secretary...." Br. for Appellant at 9 (citing J.A. at I2). (Appellant's Petition for Consideration before the District Court stated that the Secretary's "factual findings are not supported by the evidence." J.A. at 12.)

According to the Supreme Court in *Celotex*, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a *showing* sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 322, 106 S.Ct. at 2552 (emphasis added). As noted above, in opposing a properly supported motion, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), 56(e)); *see also International Distrib. Corp. v. Am. Dist. Tel. Co.*, 569 F.2d 136, 139 (D.C.Cir.1977) ("a party may not avoid summary judgment by mere allegation unsupported by affidavit"). Consequently, appellant's reliance on its pleadings is clearly insufficient.

Appellant alternatively argues that "a party opposing a motion for summary judgment can reference and rely on sworn testimony, certified transcripts or similar materials to show a material dispute." Reply Br. for Appellant at 4 (citing *International Distrib.*, 569 F.2d at 138) (transcript and affidavit sufficient to grant summary judgment). While the proposition is unassailable, the four specific items that appellant claims constituted a sufficient showing before the District Court are of no help. Appellant cites to: (1) the certified copy of the Secretary's decision, which "shows there is a sharp conflict in the testimony;" (2) its own motion for summary judgment, which "referred to and incorporated" the factual disputes; (3) Mr. Willoughby's testimony which was appended to appellant's motion and "highlighted the inconsistencies in his sworn statements;" and (4) its motion to reconsider, which included portions of Mr. Willingham's testimony "show[ing] that there were no oral agreements." Reply Br. for Appellant at 3–4.

The latter three are easily dismissed. As for appellant's own motion, far from "refer[ring] to and incorporat[ing]" the factual disputes, the motion argues that there are, for purposes of that motion, no facts in dispute. Likewise, the appended transcript of Willoughby's testimony before the Secretary fails to evidence dispute. Indeed, if anything, appellee's testimony actually *supports* the grant of summary judgment in that it indicates that oral agreements were reached. As for the evidence attached to appellant's motion to reconsider, it is well established that the obli-

---

1. We note that at no time during these proceedings, including the two briefs submitted before this Court, has appellant discussed or cited the *Celotex* decision.

gation of this Court is to look at the record before the District Court at the time it granted the motion, not at some later point. *Catrett v. Johns–Manville Sales Corp.*, 826 F.2d 33, 37 (D.C.Cir.1987); *Ramsey v. United States*, 463 F.2d 815, 817 (D.C.Cir. 1972) (per curiam) (refusal to consider affidavit not before Court when motion granted); *see also Kline*, 845 F.2d at 1307 ("our review is confined to an examination of materials before the lower court at the time the ruling was made; subsequent materials are irrelevant"), and cases cited therein. While equally unavailing, appellant's reliance on the Secretary's decision as creating a genuine issue warrants separate discussion.

### Reliance on the Secretary's Decision

By statute, the record before the District Court consisted of the Secretary's Decision and Order and the pleadings filed before the Secretary. 7 U.S.C. § 499g(c). Appellant argues that the Secretary's decision—which "leaves no doubt there was a factual dispute between the parties"—is in and of itself sufficient to demonstrate a triable issue. Certainly if appellant had offered the District Court the sworn testimony which prompted the stray comment in the Secretary's decision, the task of that court and this would have been a different one. But appellant did not. As we have said before in reviewing summary judgment, "[o]ur sole and limited task is to assess with care the record before the District Court at the time it granted [the motion]." *Catrett*, 826 F.2d at 37. Granted, appellant's counsel asserted to the District Court at oral argument of the cross-motions "I've got a whole transcript of sworn testimony in the administrative hearing ... [and] that testimony is sworn and it is very verified and therefore, it does create a disputed fact on that pivotable [sic] issue." J.A. at K33.

But appellant did not present that transcript full of sworn testimony into the District Court's record. We cannot speculate at this date on what would have been the result had appellant done so. The fact remains, appellant did not. As Judge Leventhal said for this Court, a party moving for summary judgment "is entitled to the benefit of any relevant presumptions, and if the established facts and relevant presumptions would have entitled him to a directed verdict at trial, he is entitled to a summary judgment under Rule 56." *United States v. General Motors Corp.*, 518 F.2d 420, 441–42 (D.C.Cir.1975); *see also* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2713.1 at 616 (2d ed. 1983). Had appellee in this case never made this motion and this case proceeded to trial, appellee obviously could have relied on the statutorily created *prima facie* case by introducing the decision of the Secretary as it did at the motions stage. In such a trial appellant could hardly have opposed a motion for directed verdict by resting and then arguing that it had a transcript full of evidence which it had not introduced. Neither can it do so at summary judgment.

### III. CONCLUSION

Considering as we must the state of the record before the District Court at the time of the motion, we find it to be bereft of any genuine issue of material fact within the meaning of Rule 56 and, therefore, we affirm.