**AIR TRANSPORT ASSOCIATION OF AMERICA, Appellant,**

v.

**Melvin LENKIN, et al. (Two Cases).**

**Nos. 89–7134, 89–7168.**

United States Court of Appeals, District of Columbia Circuit.

April 13, 1990.

Robert E. Greenberg, Atty., Deso & Greenberg, P.C., Washington, D.C., was on the brief, for appellant in Nos. 89–7134 and 89–7168.

Alan S. Weitz, Washington, D.C., Atty., was on the brief, for appellee in Nos. 89–7134 and 89–7168.

Before RUTH B. GINSBURG, WILLIAMS, and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

---

PER CURIAM:

This case came before the District Court on cross-motions for summary judgment. Air Transport Association ("ATA") appeals from the District Court judgment allowing the motion of appellees, Lenkin, *et al.* ("Lenkin") and denying ATA's. For the reasons set out below, we find no error and affirm the District Court's decision on the cross-motions.

The appeal presents an issue of contract interpretation arising from a dispute concerning an escalation clause in a commercial lease agreement. We agree with the District Court that consideration of extrinsic evidence "emphatically supports" appellees' position and therefore affirm the court's judgment on this ground. *See Air Transport Ass'n v. Lenkin,* 711 F.Supp. 25 (D.D.C.1988). In view of this disposition, we decline to address questions raised by the District Court's alternative holding that the statute of limitations bars this suit.

In 1971, ATA entered into a commercial lease agreement with Lenkin to rent office space. Paragraph 3(c) of the lease deals with "additional yearly rental" and provides, in part, that ATA must pay a proportionate share "of any increases in annual real estate taxes and building operating expenses above those expenses for the preceding year." 711 F.Supp. at 26. The clause further states, "[f]or the purposes of this computation, the total annual real estate taxes and building operating expenses for calendar year 1973 shall be two and $^{25}/_{100}$ dollars ($2.25) times the gross square feet exclusive of garage and penthouse." *Id.*

Appellant asserts that Lenkin consistently overcharged ATA from 1975 to 1988 due to Lenkin's allegedly erroneous interpretation of this provision. ATA maintains that the clause requires that payments be made for increases in operating expenses in excess of those incurred during the previous year. In contrast, Lenkin contends that the clause obligates ATA to pay for increases in operating expenses in excess of those incurred in calendar year 1973, the first lease term. Under ATA's view, if taxes and operating expenses amounted to $2.75 per square foot in 1974 and $3.00 in 1975, ATA would pay in 1975, 25 cents per square foot more than in 1973. Under Lenkin's interpretation, however, the 1975 increase over 1973 would be 75 cents per square foot because expenses are computed by subtracting operating costs and taxes for 1973 ($2.25) from those expenses for 1975 ($3.00).

ATA argued in the District Court, as here, that the "plain meaning" of the disputed clause is clear and supports its interpretation. "On its face, however," as the District Court ruled, "the provision is ambiguous." 711 F.Supp. at 28. The disputed paragraph defines the amount of "additional yearly rental" but does not indicate how one is to construe "additional." " 'Additional' could mean 'in addition to the base rate of $7.00 per square foot,' which would support [ATA's] interpretation. However, 'additional' could just as easily mean 'in addition to the yearly rental paid in the previous year,' which would support [Lenkin's] interpretation." *Id.*

The District Court properly concluded that Lenkin's interpretation of the clause is well supported by both the language of the agreement and extrinsic evidence. In addition to the express language in the text of the lease, a Letter of Intent, incorporated by reference into the agreement, "appears to conflict directly with [ATA's] interpretation...." *Air Transport,* 711 F.Supp. at 28. The Letter states that the escalation clause shall require a tenant to pay for all increases in operating expenses "above the base operating expense ... for that year in which the Tenant takes occupancy." Appendix at 2058. This language is plainly more consistent with Lenkin's interpretation of the contract than with the fluctuating concept suggested by ATA. Construing the lease in the light most favorable to ATA, the Letter, at best, leaves unresolved the ambiguity within the contract requiring the court to consider extrinsic evidence of the parties' intent. *See Dodek v. CF 16 Corp.,* 537 A.2d 1086, 1093 (D.C.1988).

At first glance, it might appear that a case involving an arguably ambiguous contract requiring consideration of extrinsic

evidence for definitive resolution would be inappropriate for summary judgment. As this court has stated, however, in cases where extrinsic evidence is "so clear that it cannot fairly be said that the material issue of intent is genuinely in dispute," summary disposition is appropriate. *NRM Corp. v. Hercules, Inc.,* 758 F.2d 676, 684 n. 23 (D.C.Cir.1985). This is such a case.

Under Rule 56, Fed.R.Civ.P., summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." To defeat a motion for summary judgment "the movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir.1988) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)). A non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. *Laningham v. U.S. Navy,* 813 F.2d 1236, 1242 (D.C.Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). Here, appellant has not satisfied that standard. The District Court properly ruled in favor of Lenkin, and a reasonable trier of fact could not have done otherwise on the evidence presented.

As the District Court emphasized, the parties' 13–year history of performing according to Lenkin's base-year computation method is strong evidence of the parties' intent and overwhelmingly supports Lenkin's position. *Air Transport,* 711 F.Supp. at 29. *See Tymshare, Inc. v. Covell,* 727 F.2d 1145, 1150 (D.C.Cir.1984). *See also Alvin, Ltd. v. U.S. Postal Service,* 816 F.2d 1562, 1566 (Fed.Cir.1987). Lenkin's interpretation is also consistent with well-established trade practices in the commercial lease industry. *See Homes Oil Realty Co. v. Hechinger Properties Co.,* 182 A.2d 62, 63 (D.C.1962). It is further supported by the fact that ATA's interpretation of the clause "would produce nonsensical results which no reasonable landlord would have been likely to intend," *i.e.,* under ATA's construction, the escalation clause "could result in decreasing annual rents." *Air Transport,* 711 F.Supp. at 29. *See Moncrief v. Martin Oil Serv., Inc.,* 658 F.2d 768, 773 (10th Cir.1981).

For these reasons, the District Court's order granting appellees' motion for summary judgment is hereby affirmed.