**CARUSO-CIRESI, INC., Petitioner,**

v.

**Rosario STRANO, et al., Respondents.**

No: C–1–91–199.

United States District Court,
S.D. Ohio, W.D.

March 16, 1992.

Gregory Reynolds Wilson, Cincinnati, OH, for Caruso–Ciresi, Inc.

Robert Edward Manley, Manley, Burke & Fischer, LPA, Cincinnati, OH, for Rosario Strano and Vito Strano dba Strano Farms.

## ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the Respondents' motion for summary judgment (docs. 6 and 7), and the Petitioner's response (doc. 12).

Also before the Court is the Respondents' motion to file a reply memorandum out of time (doc. 15), which is opposed by the Petitioner (doc. 16), and to which the Respondents replied (doc. 17). However, the Petitioner moved to strike the Respondents' reply (doc. 18), to which the Respondents answered (doc. 19). The Respondents now seek leave to file a reply to the memorandum in opposition to the Respondents' motion to file reply out of time (doc. 20).

We first turn our attention to the Respondents' motion for leave to file a reply memorandum and the Petitioner's motion to strike the reply memorandum. We have read all of these pleadings and conclude that all counsel have been acting in good faith in this litigation, and that the interests of justice warrant permitting the Respondents to file its reply. Therefore, the Respondents are granted leave to file its reply memorandum, and the Petitioner's motion to strike is denied. Therefore, this Court will consider the Respondents' reply memorandum in deciding the Respondents' motion for summary judgment.

## BACKGROUND

This matter arises from a reparation action brought before the United States Department of Agriculture ("USDA") by the Respondents Rosario Strano and Vito Strano d/b/a Strano Farms ("Strano") against the Petitioner Caruso–Ciresi, Inc. ("Caruso"). The USDA issued its ruling in favor of Strano, and Caruso has appealed that decision to this Court.

Strano is a Florida partnership involved in the agricultural business. Caruso is an Ohio corporation which is involved in the sale of agricultural goods. On November 23, 1988, Strano sold Caruso 320 25# car-

tons of size 5 × 6 tomatoes, 880 cartons of size 6 × 6 tomatoes, and 400 cartons of size 6 × 7 tomatoes. All the tomatoes were Poppa's Famous brand.

On November 25, 1988, Strano's shipment of Poppa's Famous Brand tomatoes arrived at Caruso's warehouse in Erlanger, Kentucky. That day, a federal official inspected the tomatoes, and found in pertinent part that "... 7% [were] soft. Average 3% decay."

On December 12, 1988, a second federal inspector found that "[a]ll stock is decayed and/or soft...." Strano now seeks payment from Caruso for the unpaid balance on the truckload of tomatoes that it shipped to Caruso on November 23, 1988.

## DISCUSSION

### Standard of Review

■■ Caruso is entitled to a trial *de novo*, except that the USDA's ruling may be used as *prima facie* evidence. *See* 7 U.S.C. § 499g(c) (1991). Thus, the party moving for summary judgment may rely on the USDA's reparation order to show that no factual dispute exists. *Frito–Lay v. Barton Willoughby, d/b/a Willoughby Farms,* 863 F.2d 1029, 1031 (D.C.Cir.1988). Once the movant demonstrates from the USDA order that no factual dispute exists, then the burden shifts to the non-moving party to show that there is a genuine issue of material fact in order to avoid summary judgment. *Id.*

### Petitioner Caruso's Argument

Caruso argues that the tomatoes it received from Strano were far below the quality and grade that it had ordered. As a result, Caruso states that it notified Strano that the tomatoes Strano had shipped were deficient. According to Caruso, Strano requested that Caruso dispose of the tomatoes at the best available price. Caruso represents that Strano knew that Caruso was changing its computer software, and therefore would be unable to produce its record assigning lot numbers. Caruso

contends that it can now reconstruct with accuracy how it disposed of the tomatoes. Caruso consequently concludes that it does not owe Strano the original amount due for what amounted to rotten tomatoes.

### Federal Regulation

Federal regulation requires a certain method of record-keeping for agricultural goods. Specifically, the law requires that,

An identifying lot number shall be assigned to each shipment of produce to be sold on consignment or joint account or for the account of another person. A lot number should be assigned to any purchased shipment in dispute between the parties to assist in proving damages.... A lot number shall be assigned to each purchased shipment which is reconditioned if the seller is to be charged with the shrinkage or loss. The lot number should be entered on the receiving record in connection with each shipment and entered on all sales tickets identifying and segregating the sales from the various shipments on hand. The lot number shall be entered on the sales tickets ... at the time of sale ... after the sales have been made.

7 C.F.R. § 46.20 (1991).

■ Caruso argues that this Court should deny summary judgment because it can now reconstruct with accuracy how it disposed of the tomatoes. Allowing Caruso to make such a showing would thwart the express purpose of the regulation. The regulation requires lot numbers to be assigned in order to assist the parties in proving damages. Caruso, because of computer problems, was unable to assign lot numbers to the tomatoes it received from Strano.

■ Caruso's computer problems, however, do not nullify the requirements set forth in the regulation.[1] Congress designed the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* (1991), to control an industry "... which is highly competitive and in which the opportunities

---

1. Moreover, Caruso could have assigned lot numbers manually and thus fulfilled the requirements of the regulation, despite Caruso's computer problems.

for sharp practices, irresponsible business conduct, and unfair methods are numerous." S.Rep. No. 2507, 84th Cong., 2d Sess. (1955), *reprinted in* 1956 U.S.Code Cong. & Admin News 3699, 3701, *quoted with approval, Wayne Cusimano, Inc. v. Block,* 692 F.2d 1025, 1028 n. 2 (5th Cir. 1982); *see also Finer Foods Sales Co. v. Block,* 708 F.2d 774, 782 (D.C.Cir.1983) (statute designed to ensure that commerce in agriculture is conducted in an atmosphere of financial responsibility). Therefore, in light of the plain language of the regulation and supplemented by demonstrated Congressional concern, this Court must enforce the requirements of 7 C.F.R. § 46.20.

■ Furthermore, the regulation is not inapplicable merely because Strano knew that Caruso would be unable to produce its record assigning lot numbers. Strano does not have the power to waive the statutory and regulatory requirements that Caruso must follow. Instead, the Perishable Agricultural Commodities Act and the accompanying regulations were designed to avoid the type of problem that is now before this Court. *See id.*

### Conclusion

Accordingly, the Respondent Strano's motion for summary judgment is granted.

Strano also requests that this Court award attorney's fees that arose from this appeal. The Court will consider such a request if Strano makes a motion with the Court and provides a memorandum in support and appropriate documentation.

SO ORDERED.