W.M. ERCANBRACK CO.,
INC., Complainant,

v.

SOL SALINS, INC., Respondent.

C.A. No. 93–0764.

United States District Court,
District of Columbia.

Feb. 15, 1994.

Robert J. Van Der Velde, Martyn & Van Der Velde, Cleveland, OH, for complainant.

Howard Bruce Silberberg, McLean, VA, for respondent.

## MEMORANDUM OPINION

ATTRIDGE, United States Magistrate Judge.

This action brought pursuant to the Perishable Agricultural Commodities Act, (PACA), 7 U.S.C. §§ 499a–499s (1980 & 1993 Supp.), is an appeal from an order of the Secretary of Agriculture dated March 25, 1993, entering a reparation award in the amount of $8,434.80 with interest in favor of W.M. Ercanbrack Company, Inc. (Ercanbrack) against Sol Salins, Inc. (Salins).

Both parties consented to proceed before a United States Magistrate Judge and an order of referral was entered by District Judge Thomas P. Jackson on September 20, 1993.

Ercanbrack has moved for summary judgment in its favor against Salins asserting that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56. Salins contends that notwithstanding the fact that the Respondent did not file a response to Ercanbrack's claim with the Secretary and as a consequence a default reparation order was entered, it is entitled to a de novo hearing in this Court at which time it may raise any defenses it has even though they were not raised at the administrative level. 7 U.S.C. § 499g(c) (1980 & 1993 Supp.).

Following a scheduling conference held in October 1993, the parties were required to complete discovery by December 6, 1993, and to supplement the pending summary judgment motion or opposition no later than December 31, 1993. No additional material was submitted.

## Background

On or about December 3, 1992, Ercanbrack filed a complaint with the Secretary of Agriculture against Salins seeking an award of money damages. The complaint alleged that on June 27, 1992, Ercanbrack sold Salins 6 pallets each containing 99 twenty-pound boxes of U.S. No. 1 Bing cherries at an agreed upon price of $14.20 a box for a total sales price of $8,434.80 f.o.b. Oren, Utah; that the cherries were shipped that day for delivery to Salins in Washington, D.C.; that Salins received the cherries but has failed and refused to pay the agreed upon price (Ercanbrack Complaint, Record of administrative proceedings.)

Although the Respondent was served with a copy of the complaint, Salins failed to file an answer and on March 25, 1993, a Department of Agriculture judicial officer entered a default order adopting as findings of fact the facts alleged in the complaint. The judicial officer ruled that the facts as found constituted a violation of Section 2 of the Perishable Agricultural Commodities Act (7 U.S.C. § 499b as amended) and entered a reparations order directing Salins to pay to Ercanbrack the sum of $8,434.80 with interest at the rate of 10% from August 1, 1992, that sum representing the amount of damages to which Ercanbrack is entitled.

On April 14, 1993, Salins filed a timely notice of appeal from the order of the Secretary with this Court alleging that:

1. the Secretary erred in entering a default order against it;

2. the merchandise did not make good delivery;

3. the complainant breached its contract and warranty to make good delivery of the merchandise; and

4. 213 boxes of the merchandise were not salable because of the poor condition in which they were delivered.

Ercanbrack responded with its motion for summary judgment, to which Salins filed an opposition and Ercanbrack a reply.

## Discussion

Section 499g(c) of PACA provides, *inter alia*, that a party adversely affected by the Secretary's reparation order may appeal the order to the district court for the district in which the party complained against is located; that the proceedings in the district court shall be de novo "except that the findings of fact and order or orders of the Secretary shall be *prima facie* evidence of the facts therein stated." 7 U.S.C. § 499g(c) (1993 Supp.).

Section 499f(c) provides, *inter alia*, that in complaints for money damages of $15,000 or less "a hearing need not be held and proof in support of the complaint and in support of respondent's answer may be supplied in the form of deposition or verified statement of fact."

Ercanbrack's complaint detailing the factual basis for its claim was signed by its president and sworn to before a notary public. Salins failed to file any response. The judicial officer accepted the sworn testimony and adopted the unchallenged facts set out in the verified complaint as his own.

Armed with these factual findings and order of reparation, Ercanbrack moved for summary judgment. As a consequence, the burden of production shifted to Salins to come forward with some credible evidence to create a genuine issue of fact for trial. *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1033 (D.C.Cir.1988).

In an attempt to meet this burden, Salins filed a Local Rule 108(h) statement of genuine issues of fact, which made reference to a "Report of Investigation" and its petition in these proceedings. No "Report of Investigation" was attached to its motion, statement of genuine issues or petition. Nor is a "Report of Investigation" a part of the administrative record. In short, the support for its statements of facts as to which the Respon-

dent claims genuine issues of fact exist is non-existent. Moreover, Respondent's reference to its own petition as support for its allegation of factual issues in dispute is procedurally inadequate. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(e). In other words, the document which contains a material factual statement in dispute must either be admitted by the movant or be under oath.

In order to create a genuine issue of fact to preclude the entry of a summary judgment, the nonmoving party must not only identify the alleged *facts* at issue but must support its findings with evidence based upon "appropriate references to the record before the District Court." *Frito–Lay, Inc.*, 863 F.2d at 1034. This Salins has failed to do.

Accordingly, Ercanbrack's motion for summary judgment is granted.