Ann COMPTON, Appellant,

v.

ERICSSON, INC, Appellee.

No. 01–7124.

United States Court of Appeals, District of Columbia Circuit.

March 28, 2002.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's judgment filed July 18, 2001, be affirmed. The district court properly held that appellant failed to establish that appellee's proffered explanation for disciplining her—that is, to redress complaints that appellant had engaged in unprofessional behavior on several occasions—was a pretext for age discrimination. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Hall v. Giant Food, Inc.*, 175 F.3d 1074, 1077 (D.C.Cir.1999). Appellant's own perception of her work performance, and that of a co-worker uninvolved in the decision to discipline her, does not alone establish that those responsible for disciplining appellant did not honestly believe she had engaged in inappropriate behavior. *See O'Connor v. DePaul University*, 123 F.3d 665, 670 (7th Cir.1997); *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). That appellant's co-worker also sued appellee for age discrimination, based on facts that the co-worker does not disclose, is insufficient to show pretext. Moreover, the district court was not required to accept as true appel-

**6**

lant's conclusory assertion, based on hearsay, that older workers had been terminated at another of appellee's facilities. *See Greene v. Dalton,* 164 F.3d 671, 675 (D.C.Cir.1999) ("Although, as a rule, statements made by the party opposing a motion for summary judgment must be accepted as true for the purpose of ruling on that motion, some statements are so conclusory as to come within an exception to that rule."); *Frito–Lay v. Willoughby,* 863 F.2d 1029, 1035 (D.C.Cir.1988). Finally, appellant has demonstrated no temporal connection or causal nexus between her supervisor's comment to another employee reflecting age bias, which the supervisor made almost two years after appellant was disciplined, and the actions at issue here. *Cf. Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 724 (7th Cir.1998) (discriminatory comment failed to establish pretext because it was made "at least five months before plaintiff's termination," and plaintiff did not demonstrate "causal nexus" between comment and her discharge).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.