Terrence Kevin **BETHEA** Appellant,

v.

**UNITED STATES PAROLE COMMISSION and Federal Bureau of Prisons, Appellees.**

No. 01–5396.

United States Court of Appeals, District of Columbia Circuit.

March 3, 2003.

Before EDWARDS and ROGERS, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. It is hereby

**ORDERED AND ADJUDGED** that the district court's memorandum opinion and judgment filed October 24, 2001 be affirmed for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Terrence Kevin Bethea appeals the dismissal under Fed.R.Civ.P. 12(b)(1) & (6) of his complaint against the Bureau of Prisons for money damages under the Privacy Act, 5 U.S.C. § 552a (2000).

### I.

By Order of May 8, 2002, the court affirmed the grant of summary judgment to the United States Parole Commission and directed the parties to address whether Bethea, as a federal prisoner, was required to succeed in a habeas proceeding prior to filing his Privacy Act claim. The parties agree that the habeas issue is moot inasmuch as Bethea is no longer in federal custody and the court could render no effective relief in a habeas proceeding. *Cf. Spencer v. Kemna,* 523 U.S. 1, 7–8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Hence, we do not address whether a Privacy Act

claim involving a D.C. prisoner transferred into federal custody must proceed initially in a habeas writ.

The Bureau maintains, however, that before filing his Privacy Act claim Bethea was required to exhaust his remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(2000) ("PLRA"), *see Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 739–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Jackson v. District of Columbia,* 254 F.3d 262, 269 (D.C.Cir.2001), and that having failed to do so his claim is barred, notwithstanding his release from federal custody. Inasmuch as the PLRA's exhaustion requirement is not a jurisdictional bar, *see Ali v. District of Columbia,* 278 F.3d 1, 5–6 (D.C.Cir. 2002), we need not decide whether, in light of Bethea's release from custody, PLRA's exhaustion requirement still applies. *See* 42 U.S.C. § 1997e(a) & (h); *Greig v. Goord,* 169 F.3d 165, 167 (2d Cir.1999). Assuming Bethea was required to exhaust, the Bureau acknowledges that he now has exhausted his administrative remedies and Amicus Curiae states that if this court dismisses the complaint, Bethea could refile his Privacy Act claim in an amended complaint. Amicus Curiae Reply Br. at 17. Therefore, treating Bethea's complaint as amended to reflect exhaustion, *see Commercial Union Insurance Co. v. United States,* 999 F.2d 581, 586 (D.C.Cir. 1993); *Wolfe v. Marsh,* 846 F.2d 782, 785 n. 4 (D.C.Cir.1988); *see also Communications Workers of America v. American Telephone & Telegraph Co.,* 40 F.3d 426, 432 (D.C.Cir.1994), the question is whether Bethea stated a claim under the Privacy Act. *See Toolasprashad v. Bureau of Prisons,* 286 F.3d 576, 583 (D.C.Cir.2002); *Deters v. United States Parole Comm'n,* 85 F.3d 655, 657 (D.C.Cir.1996).

## II.

Bethea alleged in his complaint that the Bureau relied on incomplete and inaccurate records to determine his security designation and as a result he was not placed in a minimum security facility or a halfway house. Specifically, he alleged that the Bureau failed to investigate sexual assault charges reflected in a police report as well as an escape charge, all of which were never prosecuted. He also alleged that he was given a higher security classification because the Bureau considers all former D.C. prisoners to be dangerous.

On the merits, the Privacy Act claim fails because Bethea did not set out a sufficient factual basis to show that the Bureau's conduct was "willful" within the meaning of the statute. *See Deters,* 85 F.3d at 657. Anticipating possible reliance on materials beyond the pleadings in ruling on the Bureau's motion to dismiss, which attached an affidavit and various documents, the district court advised the parties that the motion would be treated as a motion for summary judgment. Amicus Appendix 248; *see also Fox v. Strickland,* 837 F.2d 507, 509 (D.C.Cir. 1988); *Richardson v. Rivers,* 335 F.2d 996, 998 (D.C.Cir.1964). By Order of August 2, 2001, the district court, as required by *Neal v. Kelly,* 963 F.2d 453, 456–57 (D.C.Cir.1992), advised Bethea, who was proceeding *pro se,* of the requirements under Fed.R.Civ.P. 56, including that he could not rely on the allegations in the complaint in opposing the motion to dismiss. *See* Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–26, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Frito–Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1032 (D.C.Cir.1988). In the memorandum accompanying its motion to dismiss, the Bureau maintained that Bethea could show neither that records allegedly missing from the Bureau's

file would have altered his security classification nor that the Bureau intentionally and willfully violated Bethea's rights under the Privacy Act. Because summary judgment analysis considers documents beyond the pleadings, Bethea had an obligation to offer evidence supporting his claim that the Bureau acted willfully and intentionally. Bethea, however, presented no new information and relied solely on the factual allegations in his complaint, his opposition to the motion to dismiss raising purely legal issues. Because Bethea thus failed to demonstrate that a material issue of disputed fact exists regarding whether the Bureau had "acted intentionally or willfully in failing to maintain accurate records," an element of his Privacy Act claim, *Deters*, 85 F.3d at 657, the district court properly concluded that his lawsuit for damages could not survive. *See Sellers v. Bureau of Prisons*, 959 F.2d 307, 311 (D.C.Cir.1992).

Accordingly, we affirm the grant of summary judgment to the Bureau.