

**FILED**

DEC 1 7 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jason L. Amin-Bey,          )
                            )
        Plaintiff,          )
                            )
    v.                      )        Civil Action No. 14-1111 (UNA)
                            )
United States of America,   )
                            )
        Defendant.          )
_____)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a prisoner at the Federal Medical Center in Ayer, Massachusetts. In the one-page complaint, plaintiff states that he brings this action "in the public's interest to prevent fraud & extirpation pursuant [to] the relevant adjudicative facts among [his Bureau of Prisons register number]." He then references a BOP Program Statement "per the nomen correction/faith-based nomen correction" and seeks an order "authorizing [BOP] to acknowledge the faith-based nomen correction above & update all relevant central filing/inmate or medical detainee data[.]"

Plaintiff has not stated any facts showing his entitlement to the requested relief, particularly since the noman listed in the instant complaint – Holy Pharoah Malik H.R.A.L.S.A. El-Bey, Ed.D. -- is one of many plaintiff has used. *See Amin-Bey v. United States*, No. 14-3641, 2014 WL 6603769, at *2 (3d Cir. Nov. 21, 2014) ("As best can be decoded from the complaint, Appellant considers himself named in error and prefers to be addressed by his faith-based identifier: Holy Pharoah Malik Ha'Elohim Rusul'Alu Dr. Admiral Ala'ad–Din Lunariel Solariel Al'Ahezaah El–Bey. With editorial practicalities in mind, we will simply refer to him throughout this opinion as 'Appellant.' "); *Sultan Dr. Admiral Ala' Ad-Din Al' Ahezaa El-Bey v. Jason Amin-Bey a/k/a Pharoah Dr. Admiral A.L.S.A. El-Bey*, 2014 WL 2217842 (D.N.J. May 29, 2014) (consolidating cases listing various nomina). To the extent that plaintiff is seeking the correction of records maintained by the Bureau of Prisons, he has not indicated that he exhausted his administrative remedies under the Privacy Act, 5 U.S.C. § 552a. *See Djenasevic v. Executive U.S. Attorney's Office*, 579 F. Supp. 2d 129, 132 (D.D.C. 2008) ("The Court presumes that [the prisoner-] plaintiff must exhaust his administrative remedies with respect to his claims under the amendment and accuracy provisions of the Privacy Act before filing a civil action in a federal district court") (citing *Bethea v. United States Parole Comm'n*, 56 Fed.Appx. 514, 515 (D.C. Cir. 2003) (per curiam)) (other citation omitted). Exhaustion is crucial here because a final agency

2

action would likely contain sufficient information to notify defendant of a potential claim. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: December 12, 2014