**PARMAC, INC., Appellant,**

v.

**I.A.M. NATIONAL PENSION FUND BENEFIT PLAN A.**

**No. 87–7191.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 11, 1988.

Decided April 25, 1989.

Max Wild, New York City, with whom Herbert L. Awe, Washington, D.C., was on the brief, for appellant.

Robert T. Osgood, Washington, D.C., for appellee.

Before EDWARDS and WILLIAMS, Circuit Judges, and REYNOLDS,* Senior District Judge.

Opinion for the Court filed by Senior District Judge REYNOLDS.

REYNOLDS, Senior District Judge:

Parmac, an employer, appeals from a decision of the United States District Court for the District of Columbia granting I.A. M. National Pension Fund Benefit Plan A ("Plan") partial summary judgment. The issue in this pension plan case is the year in which the employer withdrew from the Plan.[1] The district court held, in affirming an arbitration award, that the employer withdrew from the Plan on December 31, 1982. We hold that the Employer withdrew from the plan on January 1, 1983.[2] We therefore reverse and remand to the district court for further proceedings.

The facts of this case are not in controversy and are as follows: On December 1, 1982, Parmac entered into a collective bargaining agreement with Local 693 of the International Association of Machinists and Aerospace Workers (I.A.M.). The agreement provided that Parmac would remain a contributing employer to the plan "through December 31, 1982," and that "[e]ffective January 1, 1983, [Parmac] shall cease contributions to the Plan and commerce agreed to contributions to [two other plans]."

By letter dated January 28, 1983, the Plan advised Parmac that its "records indicate[d] that as of January 1, 1983 [Parmac] ... has withdrawn from participation in the

---

* Of the United States District Court for the Eastern District of Wisconsin, sitting by designation pursuant to 28 U.S.C. § 294(d).

1. The Plan is a multi-employer pension plan under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381 et seq.

2. The one day distinction is critical to the computation of Parmac's withdrawal liability under MPPAA, for liability is partially based on a plan's unfunded vested benefits in the years preceding the year in which the withdrawal occurred. Upon withdrawal from a multi-employer pension plan, an employer must pay a plan its *pro rata* share of the fund's unfunded vested benefits. 29 U.S.C. § 1381(b). Those benefits, in turn, are calculated for the plan year immediately preceding the year in which the employer's withdrawal occurs. 29 U.S.C. § 1391(b)(2)(A)(ii). The amount of the Plan's unfunded vested benefits has been decreasing annually. Thus, if Parmac is found to have withdrawn in 1983, its withdrawal liability would likely be less than if it is found to have withdrawn in 1982, although the record does not reveal how much less.

[Plan] ... because it no longer has an obligation to contribute· under the Plan." The Plan then sent another letter to Parmac on February 25, 1983, in which the Plan calculated Parmac's liability on the basis of a 1982 withdrawal date. Thereafter, a dispute arose between the parties as to the date of Parmac's withdrawal from the Plan. The Plan maintained that it had correctly determined that Parmac withdrew on December 31, 1982, while Parmac, on the other hand, argued that it withdrew on January 1, 1983.

Parmac initiated arbitration of the dispute under 29 U.S.C. § 1401. The arbitrator held that the Plan's determination that withdrawal occurred in 1982, rather than 1983, was not unreasonable or clearly erroneous. In his holding, the arbitrator stated that "there is not sufficient evidence presented to dispel the presumption established by the statute that the Plan's determination is correct." The arbitrator was referring to that portion of 29 U.S.C. § 1401(a)(3)(A) which provides that:

> For purposes of any proceeding under this section, any determination made by a plan sponsor under sections 4201 through 4219 and section 4225 [ ...] is presumed correct unless the party contesting the determination shows by a preponderance of the evidence that the determination was unreasonable or clearly erroneous.

Parmac then commenced an action in the United States District Court for the District of Columbia against the Plan to vacate the arbitrator's award and to resolve the dispute between Parmac and the Plan with respect to Parmac's liability upon withdrawing from the Plan. The Plan moved for partial summary judgment dismissing the complaint, arguing primarily that the arbitrator correctly determined the withdrawal date and properly applied the governing law.

Parmac cross-moved for partial summary judgment on its claim with respect to the withdrawal date. The district court denied Parmac's cross-motion and granted the Plan's motion for partial summary judgment, thereby affirming the arbitration award. In deciding the case, the district court applied the following standard of review:

> Either party may bring an action in a federal district court "to enforce, vacate, or modify" the arbitrator's award. [29 U.S.C.] § 1401(b)(2). The court must enforce the arbitrator's decision in accordance with the United States Arbitration Act, 9 U.S.C. §§ 1–14 ..., which authorizes only limited review. *Id.* § 1401(b)(3). Furthermore, the court must presume that the arbitrator's findings of fact are correct, unless they are rebutted by a clear preponderance of the evidence. *Id.* § 1401(c).

*Parmac v. I.A.M. National Pension Fund, Benefit Plan A,* No. 84–3779 at 4–5 (D.C. Cir. Jan. 14, 1987) (memorandum and order); citing *Washington Star Co. v. International Typographical Union Negotiated Pension Plan,* 729 F.2d 1502, 1505 (D.C. Cir.1984). In its holding, the district court stated that "[v]iewed with the appropriate deference, ... the arbitrator's finding is plainly not rebutted by a 'clear preponderance of the evidence'...."

 The issue before us on appeal can be stated another way, and that is whether the district court erred in upholding the arbitrator's decision with respect to Parmac's withdrawal date from the Plan. Under MPPAA, decisions of the arbitrator, like the decisions of a typical administrative agency, are fully reviewable to determine whether applicable statutory law has been correctly applied. *I.A.M. Pension Fund Ben. v. Stockton Tri Ind.,* 727 F.2d 1204, 1207 n. 7 (1984). Since summary judgment is a determination of law rather than fact, we do not defer to the district court's conclusions, but consider the matter de novo. *Beatty v. Washington Metropolitan Area Transit Authority,* 860 F.2d 1117, 1119–20 (D.C.Cir.1988).

 We conclude that the district court erred in construing the governing statutory provision. Title 29 U.S.C. § 1381, the statutory provision governing the determination of the date of withdrawal from a multiemployer plan, defines "complete withdrawal" from a plan as occurring when an

employer "permanently ceases to have an obligation to contribute under the plan." "Obligation to contribute" is statutorily defined as "an obligation to contribute arising under one or more collective bargaining agreements." 29 U.S.C. § 1392(a)(1). The law is clear that an employer's withdrawal liability under the MPPAA must be determined by looking at the employer's collective bargaining agreement. *I.A.M. National Pension Fund Plan C v. Stockton Tri Indus.*, 727 F.2d 1204 (D.C.Cir.1984).

In the instant case, the collective bargaining agreement states that Parmac was obligated to contribute to the Plan "through December 31, 1982" and that "[e]ffective January 1, 1983, [Parmac] shall cease contributions to the [Plan]." That language from the collective bargaining agreement unambiguously specifies that Parmac could not withdraw from the Plan in 1982 and that Parmac's obligation to contribute ceased in 1983, not in 1982. Moreover, at oral argument the Plan's counsel conceded that the collective bargaining agreement required Parmac to contribute to the Plan through every last second of 1982, and, more importantly, that Parmac was forbidden to withdraw from the Plan in 1982.

In this case, the district court held that Parmac completely withdrew from the Plan on December 31, 1982. Everyone, however, has acknowledged that Parmac was contractually obligated to contribute to the Plan through every last second of December 31, 1982, under the collective bargaining agreement. According to the definition contained in § 1392(a)(1), Parmac had an "obligation to contribute" to the Plan through December 31, 1982. Applying the statutory definition of "complete withdrawal" contained in § 1383(a)(1), Parmac's obligation to contribute to the Plan could not have permanently ceased until after December 31, 1982, namely, until January 1, 1983. Accordingly, Parmac did not completely withdraw from the Plan until January 1, 1983. Therefore, we reverse the district court's judgment and remand the case to the district court for further proceedings consistent with this opinion.

Reversed and remanded.