**Einar R. PETERSEN, Appellant,**

v.

**Elizabeth DOLE, Secretary of Labor, Appellee.**

**No. 91–5021.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 12, 1991.

Decided Feb. 28, 1992.

David J. Bartone, Washington, D.C., for appellant.

Eric D. Goulian, Attorney, Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., and Michael Jay Singer, Attorney, Dept. of Justice, Washington, D.C., were on the brief, for appellee.

Before MIKVA, Chief Judge, EDWARDS and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed PER CURIAM.

Appellant, Einar R. Petersen, a member of the District No. 1–Marine Engineers' Beneficial Association/National Maritime Union Licensed Division, AFL–CIO, challenged an election of delegates chosen to attend the National Union's convention. After unsuccessfully pursuing his challenges under the Union's internal review procedures, Mr. Petersen filed a complaint with the Secretary of Labor under section 402 of the Labor–Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 482, alleging that the delegate election violated the Act. The Secretary dismissed the complaint, holding that she lacked jurisdiction to hear petitioner's claims because the delegates were not "officers" as defined in section 3(n) of the Act, and, alternatively, because petitioner never exhausted available remedies with respect to the election of National Union officers. Concluding that the Secretary's statement of reasons was not arbitrary and capricious, the United States District Court for the District of Columbia upheld the decision. We affirm the district court's decision. We find it unnecessary to decide whether the Local Union delegates were "officers" under the LMRDA because Mr. Petersen failed to exhaust internal remedies with respect to the election of National Union officers.

## I. BACKGROUND

District No. 1 of the Marine Engineers' Beneficial Association/National Maritime Union Licensed Division is one of several local unions that make up the National Union. Appellant challenges an allegedly tainted election of delegates who were chosen to represent District No. 1 at the Union's national convention in 1990. Those delegates attended the convention and, along with delegates from other districts, adopted resolutions, amended the National Union's constitution, and elected National Union officers.

Article VII, section (1)(b) of the District No. 1, Licensed Division bylaws provides that "any challenge to the conduct of a Division election shall be made not later than thirty (30) days from the date of the count of the ballots...." The Division Council must then hold a hearing within thirty days of receiving the claim and must issue a decision within thirty days of the conclusion of the hearing. The District No. 1 constitution, in Article XX, requires union members seeking review of a decision by the District to first exhaust all procedures and remedies provided for in the District No. 1 constitution or bylaws. Constitution, District No. 1—MEBA/NMU, Art. XX.

Following District No. 1's constitution and the Division's bylaws, Mr. Petersen filed his challenge to the delegate elections in a timely manner with the Division District President. When District No. 1 failed to hold a hearing or issue a decision within the time prescribed by Article VII of the District's bylaws, Mr. Petersen filed a complaint with the Secretary of Labor pursuant to section 402(a) of the LMRDA. The complaint alleged that the delegate election violated section 401 of the LMRDA, 29 U.S.C. § 481, which requires, among other things, that elections of union officers be by secret ballot.

The Secretary dismissed Mr. Petersen's complaint, concluding that although the District No. 1 delegates participated in the election of officers at the National Union convention, they were not themselves "officers" as defined by the LMRDA and, therefore, the provisions of the LMRDA did not directly apply to their election. *Statement of Reasons for Dismissing the Complaint of Einar Petersen,* slip op. at 1 (July 6, 1990). The Secretary further held that because Mr. Petersen never challenged the election of the National Union officers using internal procedures, she lacked jurisdiction to hear any challenge to that election. *Id.* at 2.

Mr. Petersen then filed a claim against the Secretary of Labor in the district court seeking an order reversing the Secretary's decision and directing her to address the merits of his complaint. In the meantime, the National Union's convention was held and District No. 1's newly elected delegates attended. The district court granted the Secretary's motion for summary judgment, holding that her decision that delegates are not officers was not arbitrary and capricious. *Petersen v. Dole,* No. 90-2050, slip op. at 4 (D.D.C. Dec. 21, 1990). Mr. Petersen now appeals the district court's grant of summary judgment.

## II. ANALYSIS

### A. *Standard of Review*

We review a grant of summary judgment *de novo. Nikoi v. Attorney General of the United States,* 939 F.2d 1065, 1068 (D.C.Cir.1991); *see also Memorial Hosp./Adair County Health Ctr., Inc. v. Bowen,* 829 F.2d 111, 116 (D.C.Cir. 1987) (reviewing, *de novo,* district court's finding that agency did not act arbitrarily and capriciously). In so doing, we must determine for ourselves whether the Secretary's stated reasons for refusing to hear Mr. Petersen's complaint were arbitrary and capricious. *Dunlop v. Bachowski,* 421 U.S. 560, 568, 95 S.Ct. 1851, 1858, 44 L.Ed.2d 377 (1975). To the extent that the Secretary's decision turns on her interpretation of the LMRDA, we defer to it if it is reasonable and not inconsistent with the clear and unambiguous intent of Congress. *Chevron v. NRDC,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *see also Shelley v. Brock,* 793 F.2d 1368, 1376 (D.C.Cir.1986) (upholding, as not

unreasonable, the Secretary's interpretation of the LMRDA).

### B. *Exhaustion of Remedies*

■ We now turn to the merits of the Secretary's determination that she lacked jurisdiction to hear Mr. Petersen's claims. The Secretary held that she lacked jurisdiction, in part, because Mr. Petersen never challenged the election of the National Union officers and never exhausted available internal union remedies with respect to that election. Section 402(a) of the LMRDA states:

A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,

may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 481 of this title....

29 U.S.C. § 482(a). While, contrary to the Secretary's conclusion, this provision is not a "jurisdictional" requirement, *see Railroad Yardmasters of America v. Harris*, 721 F.2d 1332, 1337 (D.C.Cir.1983), the Act is quite clear that union members may not invoke the protections of the LMRDA without first exhausting available internal union remedies.

■ The parties agree that appellant exhausted the available remedies with respect to the election of the District No. 1 delegates themselves. But as the Secretary recognized in her decision, the District No. 1 delegates have completed their role at the national convention. The relief that Mr. Petersen seeks here is the unseating of the officers who were elected during the 1990 national convention, in part, by the delegates chosen at the allegedly tainted district election. Mr. Petersen never directly challenged the national officers' election, however, nor did he exhaust his internal union remedies for that election.

Appellant argues that "there is absolutely no requirement" under either the Local or National Union constitutions that a union member must challenge both elections. We disagree. Article V, section 8, of the National Union's constitution, which addresses the nomination and election of *national officers,* provides that:

Any challenge to the conduct of the election ... must be received by the National Executive Committee at National Headquarters within thirty (30) days from the date of the closing of the Convention. Such appeal must be in writing, setting forth the specific conduct challenged, and signed by the complaining member or members. The National Executive Committee shall hold a hearing on the challenge and shall make a final decision on the challenge within thirty (30) days after the conclusion of the hearing.

National MEBA Constitution, Article V, § 8, at 10. This provision is wholly independent of District No. 1's constitution and the Licensed Division's bylaws which require union members challenging a district election of delegates to file any challenge to the conduct of the election not later than thirty days from the date of the count of the ballots. *See* Licensed Division By-Laws, District No. 1—MEBA/NMU, Art. VII, § 1(b). Consequently, to challenge the national officers' election, Mr. Petersen needed to file a challenge with the National Union within thirty days of the national convention's closing. He did not do this.

Mr. Petersen contends that the National Union had sufficient notice of his challenge to the national officers' election because several District No. 1 officers who were aware of the complaint are also national officers. But the National's constitution requires challenges to be submitted in writing to the National Executive Committee. Mr. Petersen does not claim to have submitted his challenges in writing to this committee. Because he failed to properly exhaust the National Union's internal remedies, the Secretary properly dismissed his complaint.

### C. *Are Delegates "Officers" Under the LMRDA?*

The Secretary also concluded that she lacked jurisdiction to hear the complaint

because the Local Union's delegates were not "officers" within the meaning of the LMRDA and, therefore, their election was not subject to the Act's provisions. Mr. Petersen disagrees, arguing that delegates are "officers" under the LMRDA when they elect officers at a national convention. Because we hold that the Secretary properly dismissed Mr. Petersen's complaint because he failed to exhaust available union remedies, we need not reach the question whether District No. 1's delegates were "officers" under the LMRDA.

### III. CONCLUSION

Section 402(a) of the LMRDA requires union members to exhaust all available union remedies before filing a complaint with the Secretary of Labor for violations of the Act. By failing to file his challenge to the election of national officers with officials at the National Union, Mr. Petersen never exhausted the available internal union remedies for the national officers' election. Therefore, the Secretary did not act arbitrarily and capriciously in dismissing his complaint. The decision of the district court is

*Affirmed.*