Constantine KALOYANIDES, Plaintiff,

v.

Janet RENO, et al., Defendants.

No. CIV.A. 95–983 SSH.

United States District Court,
District of Columbia.

May 27, 1998.

Constantine Kaloyanides, Washington, DC,
pro se.

Asst. U.S. Atty. Suzanne C. Nyland, U.S. Attorney's Office, Washington, DC, for Defendants.

## MEMORANDUM ORDER AND JUDGMENT

STANLEY S. HARRIS, District Judge.

Before the Court are the parties' cross-motions for summary judgment and related pleadings. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. On May 5, 1995, plaintiff filed a complaint asserting a claim pursuant the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* He alleges that he developed cancer as a result of second-hand cigarette smoke to which he was exposed by the alleged negligence of defendants. Defendants contend that judgment should be entered in their favor because plaintiff has failed to establish the essential elements of a negligence claim and, even had he done so, his claim would be barred on the ground of contributory negligence.

### Legal Standard

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir.1994). Summary judgment cannot be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphasis in original).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). Consonant with the Rules' interest in ensuring that actions be resolved expeditiously, Rule 52(a) provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." This Circuit recently noted that "the general rule [is] that we do not require findings of fact and conclusions of law in decisions allowing summary judgment." *Summers v. Dept. of Justice,* 140 F.3d 1077, 1079 (D.C.Cir.1998). *See also Connors v. Incoal, Inc.,* 995 F.2d 245, 256 (D.C.Cir.1993) (Silberman, J., concurring) ("To be sure, when a district judge grants a Rule 56 motion, he is not required to set forth findings of fact or conclusions of law ... [t]his means ... that the judge is not obliged to say or write anything in support of his decision."). This rule is eminently sensible, particularly in light of the fact that the Court of Appeals makes a *de novo* review of the district court's grant of summary judgment and, therefore, must independently perform the same analysis undertaken by the trial court (and, of course, unlike administrative agencies, trial courts may be right for the wrong reason). *See Summers,* 140 F.3d at 1079–80; *Fox v. District of Columbia,* 83 F.3d 1491, 1495 (D.C.Cir.1996) (*citing Petersen v. Dole,* 956 F.2d 1219, 1221 (D.C.Cir. 1992)). In light of the foregoing, the Court determines that the interests of the parties are best served by a prompt resolution of this action. Upon careful consideration of the entire record, the Court concludes that no genuine issue of material fact exists and that judgment should be entered in favor of defendants essentially for the reasons stated in defendants' "Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment." Accordingly, it hereby is

ORDERED, that plaintiff's motion for summary judgment is denied. It hereby further is

ORDERED, that defendants' motion for summary judgment is granted and judgment is entered in their favor.

SO ORDERED.