**James W. MIDGLEY, Appellant,**

v.

**XELAN, INC., et al., Appellees.**

No. 03–7069.

United States Court of Appeals, District of Columbia Circuit.

Jan. 5, 2004.

James W. Midgley, pro se, Washington, DC, for Plaintiff–Appellant.

Patrick J. Potter, Shaw Pittman, Washington, DC, Keith H. Rutman, Law Office of Keith H. Rutman, San Diego, CA, for Defendants–Appellees.

Before HENDERSON, RANDOLPH, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's orders filed January 14, 2003, February 25, 2003, and April 15,

2003, be affirmed. Appellant argues that California law should apply to his contract and tort claims, but appellant has not shown any conflict between District of Columbia and California law with respect to these claims. *See Eli Lilly & Co., et al. v. Home Ins. Co.,* 764 F.2d 876, 882 (D.C.Cir. 1985). Appellant's alleged oral agreement for employment terminable only for just cause does not overcome the strong presumption of at will employment because there was no agreement as to the duration of appellant's employment, nor was there any employee policy manual or other written document providing for termination only for cause. *See Sisco v. GSA Nat'l Capital Fed. Credit Union,* 689 A.2d 52, 56–57 (D.C.1997); *Choate v. TRW, Inc.,* 14 F.3d 74, 76 (D.C.Cir.1994); *Schneider v. TRW, Inc.,* 938 F.2d 986, 998 (9th Cir. 1991). Even assuming an agreement existed, appellant failed to create a genuine issue of material fact as to whether he was terminated for just cause. Appellant's claim of intentional misrepresentation also fails because appellant did not identify any evidence that would have precluded summary judgment on this issue, nor did he allege such facts as would reveal the existence of all the requisite elements of fraud. *See Choate,* 14 F.3d at 77; *Kitt v. Capital Concerts, Inc.,* 742 A.2d 856, 860 (D.C. 1999); *Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). Moreover, appellant concedes that if his claim of intentional misrepresenta-

tion fails, then he cannot advance his claim of intentional infliction of emotional distress.

The court will not consider appellant's argument that he was terminated in violation of California public policy because he did not raise this claim in his amended complaint or in his opposition to the motion for summary judgment. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084–85 (D.C.Cir.1984).

Finally, the district court did not abuse its discretion in denying appellant's motions for additional discovery because appellant did not renew his motion until after the district court granted summary judgment, and because the record was adequate to determine whether summary judgment was warranted. *See White v. Fraternal Order of Police,* 909 F.2d 512, 517 (D.C.Cir.1990).

Pursuant to D.C. Circuit rule 35, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.