Chen v. Whitaker

BIA
Poczter, IJ
A201 297 506

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of January, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ZHI YAO CHEN,
> *Petitioner,*

v.                                              **17-1147**
                                                **NAC**

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | David A. Bredin, Flushing, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Jeffery Leist, Senior Litigation Counsel; Raya Jarawan, Trial Attorney; Abigail E. Leach, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Yao Chen, a native and citizen of the People's Republic of China, seeks review of the March 28, 2017, and May 15, 2015, decisions of the BIA affirming the June 6, 2016, and April 17, 2013, decisions of an Immigration Judge ("IJ"), which denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on credibility grounds. *In re Zhi Yao Chen,* No. A201 297 506 (B.I.A. March 28, 2017 and May 15, 2015), *aff'g* No. A201 297 506 (Immig. Ct. N.Y. City June 6, 2016 and Apr. 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decisions as modified by the BIA's decisions, and address only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). Substantial evidence supports the agency's determination that Chen was not credible as to his claims that he was detained and beaten in China for attending a family church, and that he fears future persecution on account of his religious practice in the United States.

The agency reasonably relied in part on Chen's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). The IJ provided specific examples to support the demeanor finding, noting that Chen had difficulty answering questions by his own attorney and became more incoherent on cross examination when asked for details about the community service that the Chinese authorities required him to do after his arrest.

The demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See*

3

*Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably found that Chen's testimony was inconsistent regarding (1) whether he performed mandated community service and the nature of the service, (2) when he was arrested in China, and (3) when he left China. The agency also reasonably found that Chen and his witness were inconsistent about when they met and when they saw each after the witness started her own church. The agency was not compelled to credit Chen's explanations for these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Although the agency may have placed too much weight on minor inconsistencies in Chen's descriptions of the weapon the police used to beat him, even assuming error, remand would be futile because Chen's otherwise inconsistent statements about when he left China, the nature and frequency of his mandatory community service, and the timeline of his interactions with his witness after she left his church substantially undermine his claim. *See Lianping Li v. Lynch*,

4

839 F.3d 144, 149 (2d Cir. 2016) (holding that remand is futile if the error-free findings are sufficiently strong and significant such that the Court can be confident that the agency would reach the same decision on remand).

Further, the agency properly determined that Chen's failure to corroborate his testimony affected his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to give weight to a letter from Chen's father, *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (deferring to agency's decision to afford little weight to petitioner's husband's letter), and Chen does not dispute that he did not attempt to obtain other reasonably available evidence, *see* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that even if testimony is credible, applicant must present corroborating evidence if IJ finds it necessary and evidence is reasonably available).

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility

5

determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Contrary to Chen's argument that the agency failed to independently evaluate the country conditions relevant to his CAT claim, the adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court
```