Bohara v. Whitaker

BIA
Poczter, IJ
A206 475 735

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand nineteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNY CHIN,
>        CHRISTOPHER F. DRONEY,
>            *Circuit Judges.*

_____

RAM KRISHNA BOHARA,
>        *Petitioner,*

>        v.                                                    17-1005
                                                               NAC

MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:** Khagendra Gharti-Chhetry, New York, NY.

**FOR RESPONDENT:** Chad A. Readler, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ram Krishna Bohara, a native and citizen of Nepal, seeks review of a March 9, 2017, decision of the BIA affirming an August 2, 2016, decision of an Immigration Judge ("IJ") denying Bohara's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ram Krishna Bohara,* No. A206 475 735 (B.I.A. Mar. 9, 2017), *aff'g* No. A206 475 735 (Immig. Ct. N.Y. City Aug. 2, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency decision. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable

2

standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on inconsistencies or omissions in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); accord *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. See also Hong Fei Gao v. Sessions, 891 F.3d 67, 77 (2d Cir. 2018). For the reasons that

3

follow, we conclude that substantial evidence supports the agency's credibility ruling.

First, the agency reasonably relied on inconsistency between Bohara's testimony and evidence concerning his one alleged physical altercation with Maoists. *Id*. at 163-64. Bohara's application and testimony reflected that he was slapped by one individual; however, a letter from the Nepali Congress Party ("NCP") stated that Maoists attacked and injured him, and a letter from a NCP candidate stated that Bohara was badly injured by Maoists. The agency was not required to credit Bohara's explanation—that he did not know why the letters stated that was injured—because it did not explain the inconsistencies. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The agency also properly found these discrepancies significant because they related to Bohara's only allegation of past physical harm. *Xiu Xia Lin*, 534 F.3d at 163-64.

4

Second, the agency reasonably relied on inconsistency between Bohara's testimony and evidence concerning when he joined the NCP. *Tu Lin*, 446 F.3d at 402. Bohara testified that he joined the NCP on August 19, 2006, but his party's letter stated that he joined on April 10, 2008. The agency was not compelled to credit Bohara's explanation that he forgot when he joined the NCP. *Majidi*, 430 F.3d at 80. Although a discrepancy in dates need not be fatal if "minor and isolated," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), Bohara's date discrepancy spanned nearly two years. Moreover, Bohara's credibility on this point was further undermined by the fact that his party certificate had a blank space for his membership date. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.).

Third, the agency reasonably relied on the inconsistency between Bohara's testimony and evidence concerning the results of the 2013 constituent assembly elections. *Id*. at 163-64. Bohara's testimony that Maoists won the elections was contradicted by the country conditions evidence. After initially testifying that the country conditions evidence was

5

wrong, Bohara explained that he forgot who won. The agency reasonably rejected this explanation because Bohara specifically testified that he worked on these elections. *Majidi*, 430 F.3d at 80.

Fourth, the agency reasonably relied on inconsistency between Bohara's testimony and evidence concerning the date of his father's attack. *Tu Lin*, 446 F.3d at 402. Bohara testified that Maoists attacked his father on November 25, 2015, but a letter from the police stated that the attack occurred on December 7, 2015. The agency did not err in rejecting Bohara's explanation—that the date in the letter was a mistake—because it was not compelling given the other date discrepancies in the record. *Majidi*, 430 F.3d at 80. While this inconsistency is minor, it nevertheless provides additional support for the agency's adverse credibility ruling. *Tu Lin*, 446 F.3d at 402.

Given the foregoing inconsistencies, which call into question Bohara's sole allegation of past physical harm and whether he supported the NCP, the "totality of the circumstances" supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The credibility determination is dispositive of asylum,

withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court